U.S. DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
RECEIVED

MAR 2 2 2016

TONY R. MOORE  CLERK
BY _____
                DEPUTY

UNITED STATES DISTRICT COURT                    b
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA DIVISION

| | |
|---|---|
| ABDULHAKIM IBRAHIM FAHRA | CIVIL ACTION NO. 1:15-CV-02213 |
| VERSUS | CHIEF JUDGE DRELL |
| LORETTA LYNCH, et al. | MAGISTRATE JUDGE PEREZ-MONTES |

## REPORT AND RECOMMENDATION OF MAGISTRATE JUDGE

Before the Court is a petition for writ of habeas corpus filed pursuant to 28 U.S.C. § 2241 by petitioner Adulhakim Ibrahim Fahra ("Fahra") on August 19, 2015 (Doc. 1).  Fahra, a native and citizen of Ethiopia, contests his continued detention, since March 20, 2014, by the Bureau of Immigration and Customs Enforcement ("ICE") pending his removal from the United States.  At the time of filing his petition, Fahra was being detained in the LaSalle Detention Facility in Jena, Louisiana.  The sole relief requested by Fahra is release from custody pending his removal, pursuant to Zadvydas v. Davis, 533 U.S. 678 (2001).

On March 11, 2016, the Respondents filed a motion to dismiss (Doc. Item 12).  Respondents show, through documents and an affidavit by Richard A. Brooks, Acting Assistant Field Office Director of the U.S. Immigration and Customs Enforcement office in Oakdale, Louisiana, that Fahra was removed from the United States on March 7, 2016 pursuant to an order of removal issued on December 2, 2014 (Doc. 12, Exs.).

Since Fahra has been removed, his petition for release pending removal has been rendered moot. Therefore, Respondents' motion to dismiss (Doc. 12) should be granted and Fahra's habeas petition should be denied as moot.

## Conclusion

Based on the foregoing discussion, IT IS RECOMMENDED that Respondents' motion to dismiss (Doc. 12) be GRANTED and that Fahra's habeas petition be DENIED AS MOOT.

Under the provisions of 28 U.S.C. Section 636(b)(1)(C) and Rule 2(b), parties aggrieved by this recommendation have fourteen (14) days from service of this Report and Recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within fourteen (14) days after being served with a copy of any objections or response to the District Judge at the time of filing. No other briefs (such as supplemental objections, reply briefs etc.) may be filed. Providing a courtesy copy of the objection to the magistrate judge is neither required nor encouraged. Timely objections will be considered by the district judge before he makes a final ruling.

Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days following the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except

upon grounds of plain error.  See Douglass v. United Services Automobile Association, 79 F.3d 1415 (5th Cir. 1996).

Pursuant to Rule 11(a) of the Rules Governing Section 2254 cases (and other habeas cases pursuant to see Rule 1(b)) in the United States District Courts, this court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant.  Unless a Circuit Justice or District Judge issues a certificate of appealability, an appeal may not be taken to the court of appeals.  Within fourteen (14) days from service of this Report and Recommendation, the parties may file a memorandum setting forth arguments on whether a certificate of appealability should issue.  See 28 U.S.C. § 2253(c)(2).  A courtesy copy of the memorandum shall be provided to the District Judge at the time of filing.

THUS DONE AND SIGNED in chambers in Alexandria, Louisiana, this 21st day of March 2016.

Joseph H.L. Perez-Montes
United States Magistrate Judge